Dear Mr. Sills:
This office is in receipt of your request for an Attorney General's Opinion. Specifically, you have requested our office to address the following question:
 Whether the DeSoto Parish School Board can reduce the number of holidays for non-certified employees without any increase in the annual salary that is paid to them?
R.S. 17:422.6(A) prohibits the reduction in salary to any school employee below the amount paid to that employee during the previous year, it states:
 Notwithstanding any other provision of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
LSA-R.S. 17:422.6(C) further states several conditions which would exempt school boards from the provisions stated in subsection (A) of R.S. 17:422.6. Subsection (C) provides:
 C. The provisions of this section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of or exploration for minerals, including severance taxes, royalty payments, bonus payments, or rentals.
From the facts presented by you in your opinion request, it would appear that the exemption found in Subsection (C) is not applicable in this case. Thus any reduction in salary would be prohibited by Subsection (A).
An employee's annual salary is determined by the amount of time that employee is expected to work, whether it be a nine month school year, a ten month school year, or an entire year's time. The fact that an employee is paid on a annual salary basis, as opposed to an hourly rate, does not mean that the employee and the employer did not intend that a certain amount of days would be worked and also that certain days would be holidays.
According to your opinion request, employees of the DeSoto Parish School Board are presently given the same number of holidays as the teachers employed with the School Board, i.e. when the schools are closed for Christmas, and teachers and students are not in school, non-certified employees are also off from work. Attached to your opinion request were documents titled "Holiday and Work Schedule, March 1, 1993" and Maintenance and Custodial Holidays, Annual Leave and Work Schedule, March 1, 1993" which sets forth the School Board's policy as to holidays. This policy which is set and followed by the School Board is a term of employment and is an important factor in determining the annual rate of compensation to be paid to these employees. Thus, for the School Board to increase the number of days employees must work without also increasing their annual rate of salary would be a violation of the specific mandates of LSA-R.S. 17:422.6.
It is, therefore, the opinion of this office that a School Board may not reduce the number of holidays allowed for non-certified school employees without also providing for compensation for these additional days worked in order to be in compliance with LSA-R.S. 17:422.6.
I hope that this has sufficiently answered your concerns. If you require further assistance, please feel free to contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb/0737l